IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| TIMOTHY LLOYD CHESTERMAN, | CV 24-18-GF-DWM |
| Plaintiff, | |
| vs. | ORDER |
| BOARD OF PARDONS AND PAROLE, DEPARTMENT OF CORRECTIONS, and STATE OF MONTANA, | |
| Defendants. | |

On February 9, 2024, Plaintiff Timothy Lloyd Chesterman, a pro se prisoner proceeding in forma pauperis, filed a 42 U.S.C. § 1983 Complaint alleging Defendants wrongfully denied him release on parole. (Doc. 2.) Because the Complaint fails to state a claim, it is dismissed.

I.   **Statement of the Case**

Chesterman names as defendants the Montana Board of Pardons and Parole, the Montana Department of Corrections, and the State of Montana. (Doc. 2 at 2-3.) He alleges that during his parole hearing on February 1, 2024, the Parole Board told him they do not put disabled people in pre-release centers. (*Id.* at 4-5.) Then, an unidentified individual accused Chesterman of prior methamphetamine use,

1

while he asserts it was actually his probation officer that was "on meth." (*Id.* at 4.) Chesterman believes the statements made about him constitute defamation. (*Id.*) Chesterman further claims the denial of parole has violated his right to due process. As relief, Chesterman states he wishes to "sue the state." (*Id.* at 5.)

## II.   Screening Pursuant to 28 U.S.C. §§ 1915, 1915A

Chesterman is a prisoner proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915, 1915A. Sections 1915A(b) and 1915( e)(2)(B) require the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F. 3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Crop. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed.R.Civ.P. 8(a)(2). That

2

is, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than

3

the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n]', 'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice"). The court's liberal interpretation of a pro se complaint, however, may not supply essential elements of the claim that were not pled. *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F. 2d 266, 268 (9th Cir. 1982).

### III. Analysis

As a preliminary matter, the Eleventh Amendment bars suit in federal court against a state and/or a state agency absent a valid abrogation of immunity by Congress or an express waiver of immunity by the State. *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267–68 (1997); *Edelman v. Jordan*, 415 U.S. 651, 653 (1974); *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has waived immunity only for tort claims brought in state court. Mont. Code Ann. §§ 2-9-101, et seq. Hence any claim against the State of Montana or any agency of the State, including the Montana Department of Corrections, cannot be brought in federal court.

A review of the Montana Board of Pardons and Parole Final Board Dispositions for February 2024,[1] confirms that Chesterman was denied release on parole. The Board scheduled Chesterman to reappear in February of 2025. Further, he was directed to complete a risk assessment with the Department of Corrections. The Board noted that the reasons for denial included: "Nature and/or severity of offenses(s); Parole at this time would diminish seriousness of the offense." Thus, it does not appear that a purported disability was the basis for denial of parole. But there is another significant defect with Chesterman's Complaint.

Claims challenging denial of parole cannot be brought in a section 1983 action. *See Wilkinson v. Dotson*, 544 U.S 74, 78 (2005) ("This Court has held that a prisoner in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate stat relief) instead.") (internal quotations omitted). Chesterman cannot challenge a decision of the parole board to deny his parole because it would necessarily implicate the validity of the denial of parole and therefore his continuing confinement. This is prohibited by doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 483-84 (1994) (concluding that a § 1983 claim is not

---

[1] *See* Montana Board of Pardons and Parole website: https://bopp.mt.gov/Dispositions (accessed June 4, 2024).

cognizable because allegations were akin to malicious prosecution action which includes as an element a finding that the criminal proceedings was concluded in plaintiff's favor); s*ee also Butterfield v. Bail*, 120 F. 3d 1023, 1024-25 (9th Cir. 1997 )(Section 1983 action based on allegation that the parole board relied on false information to deny parole dismissed because "a challenge to the procedures used in the denial of parole necessarily implicated the validity of the denial of parole.")

The Court declines to convert this matter into a petition for habeas corpus. Chesterman has filed two petitions for habeas corpus. *See Chesterman v. Salmonsen et al.*, Cause No. CV 23-117-BLG-SPW, Pet. (filed Oct. 6, 2023); *Chesterman v. Bludworth et al.*, Cause No. CV 24-26-BLG-DWM, Pet. (filed March 1, 2024). Both matters were dismissed as unexhausted. There is no reason to believe that Chesterman has undertaken the procedures required to exhaust the claims contained in the instant complaint.

Finally, Chesterman's claims of defamation and/or slander relative to statements made during his parole hearing are based on state law and therefore do not state cognizable claims under Section 1983.

While dismissal of Complaint is appropriate, this Court has the discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting

*Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). In light of the above, amendment would be futile here.

Based upon the foregoing, IT IS ORDERED:

1. Chesterman's complaint (Doc. 2) is DISMISSED.

2. The Clerk of Court is directed to close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court is additionally directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith.

4. The Clerk is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Chesterman's allegations fail to state a claim.

DATED this 11th day of June, 2024.

Donald W. Molloy, District Judge
United States District Court